887 F.2d 1081
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Hubert Cummings CHARLES, Defendant-Appellant.
 No. 89-5508.
 United States Court of Appeals, Fourth Circuit.
 Submitted: July 21, 1989.
Decided: Sept. 25, 1989.
 
 David Hartley Sanders, Sanders & Speaker, for appellant.
 William A. Kolibash, United States Attorney, Thomas O. Mucklow, Assistant United States Attorney, Robert H. McWilliams, Assistant United States Attorney, for appellee.
 Before WIDENER and WILKINS, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Hubert Cummings Charles appeals his conviction of four counts of selling cocaine within 1,000 feet of an elementary school, in violation of 21 U.S.C. Secs. 841(a)(1) and 845a(a), on the grounds that the district court erred in trying him in his absence. Because the record adequately supports the district court's finding that Charles voluntarily waived his right to be present at his trial, we affirm.
 
 
 2
 Charles was indicted on April 15, 1988, and his trial date was set for June 24, 1988. When Charles failed to appear on the given date, the trial judge questioned Charles' counsel as to his whereabouts. Counsel stated that he had met with Charles two days before trial and that Charles knew the date of his trial. Deputy United States Marshal Gary Barret testified that the night before trial the DEA received an anonymous telephone call from a woman who said that Charles was fleeing the country after seeing a videotape of himself that would be offered as evidence against him. Barret also informed the court of the measures being taken by the United States Marshal Service to locate Charles. Charles' counsel admitted that he and Charles had viewed the videotape two days before trial.
 
 
 3
 Based on this testimony, the court found that Charles had deliberately and voluntarily absented himself and proceeded with the trial. At the request of counsel, the court instructed the jury not to consider the fact that Charles was not present at his trial.
 
 
 4
 Several months later, Charles was apprehended when re-entering the United States from Trinidad. On December 22, 1988, he appeared for his sentencing hearing. As an explanation for his failure to appear at his trial, Charles told the court that he had returned to Trinidad for family reasons and had thought his presence at trial was not required. The court found the explanation to be incredible.
 
 
 5
 Charles' sole contention on appeal is that, because he was not present at the commencement of his trial, his voluntary absence did not waive his right to be present at his trial. In support of this argument he cites Rule 43, Fed.R.Crim.P., which provides that the presence of the defendant is required at all stages of the trial, but a trial may proceed "whenever a defendant, initially present, is voluntarily absent after the trial has commenced." Fed.R.Crim.P. 43(b)(1).
 
 
 6
 We reject this argument. Where a defendant, free on bail, knows the date of his trial and voluntarily fails to appear for no compelling reason, he has waived his right to be present at his trial. United States v. Schocket, 753 F.2d 336, 339-40 (4th Cir.1985). We accept the parties' waiver of oral argument and affirm the district court's judgment upon consideration of the briefs and record.
 
 
 7
 AFFIRMED.